UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRUCE JEFFERYS,

        Petitioner,

   - against -

THOMAS LAVALLEY,

        Respondent.
----------------------------------------------------------X

**ORDER**
12-CV-3799 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Petitioner *pro se* Bruce Jefferys, presently incarcerated at the Clinton Correctional Facility, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner also seeks appointment of counsel and to proceed *in forma pauperis*. (Doc. Nos. 2, 4.) Petitoner's motion for appointment of counsel is DENIED and his motion to proceed *in forma pauperis* is GRANTED. For the reasons that follow, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred. Respondent is ordered to reply within thirty (30) days of the filing of petitioner's affirmation.

## BACKGROUND

    On February 14, 2002, petitioner pled guilty to murder in the first degree before the Supreme Court of the State of New York, Kings County. (Mem. in Supp. Pet. (Doc. No. 1-2) at vi.) The court sentenced petitioner to 23 years to life on April 17, 2002. (*Id.*) Having signed an appeal waiver as part of his plea, petitioner did not immediately file an appeal of his conviction. (Pet. (Doc. No. 1) at 1; Mem. in Supp. Pet. at 1-2.) Rather, on November 9, 2010 - - more than eight years later - - petitioner filed a post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440.10, which was denied on April 27, 2011. (Mem. in Supp. Pet. at vi.) He appealed that

decision on May 6, 2011, which was also denied on July 29, 2011. (*Id.*) He then sought - - for the first time - - permission to file a late notice of direct appeal with the Second Department and a late notice of appeal with the New York Court of Appeals, on August 17, 2011 and January 3, 2012, respectively, both of which were denied. (*Id.* at vi-vii; Pet. at 4.) Ultimately, petitioner filed the present habeas petition on July 30, 2012. (Pet. at 1.)

## DISCUSSION

### I. Timeliness of the Habeas Petition

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In determining the running of the limitation period, AEDPA also instructs courts not to "count" the time during which a "properly filed" application for state post-conviction or other collateral review is "pending." 28 U.S.C. § 2244(d)(2); *see also Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). Moreover, AEDPA's limitation period is not jurisdictional and may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Smith v. McGinnis*, 208 F.3d

2

13, 17 (2d Cir. 2000) (per curiam).  In order to be entitled to equitable tolling, petitioner must show (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 130 S. Ct. at 2562-63 (quotation marks omitted); *see also Rivas v. Fischer*, - - - F.3d - - - -, 2012 WL 2686117, at *20 (2d Cir. 2012); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).[1]

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion."  *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Wood*, 132 S. Ct. at 1833-34 ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition") (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).  However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard."  *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

The facts alleged in the petition suggest that petitioner's application is time-barred. Petitioner was convicted on April 17, 2002.  His conviction became final thirty days later, on May 17, 2002, after he failed to file an appeal before his time for doing so expired.  N.Y. Crim. Proc. Law § 460.10(1); *see also Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Francisco v. Yelich*, No. 12-CV-2243 (SLT), 2012 WL 2367129, at *1 (E.D.N.Y. Jun. 21, 2012).

---

[1] The Second Circuit also recognizes "an equitable exception to AEDPA's limitation period in extraordinary cases . . . [where] petitioner [makes] a compelling showing of his actual innocence."  *Rivas*, 2012 WL 2686117, at *32.  A claim of actual innocence must be both credible - - supported by "new reliable evidence . . . that was not presented at trial" and compelling - - "more likely than not any reasonable juror would have reasonable doubt."  *Id.* at *23-25 (quotation marks omitted) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995) and *House v. Bell*, 547 U.S. 518, 521, 537-38 (2006)).

Therefore, he had until May 17, 2003 to file his habeas petition. He did not file it until July 30, 2012, over nine years later.

Although petitioner has filed a number of motions in state court it appears that none of them render his petition timely. His first alleged post-conviction activity is the filing of a 440 petition in 2010 and an appeal of its denial in 2011. At that time, however, petitioner was already seven years outside AEDPA's limitation period. While the pendency of a 440 petition can toll the AEDPA period, it does not restart it. *Smith*, 208 F.3d at 17. Similarly, his leave to file a late direct appeal with the Second Department in 2011 and his request that the New York Court of Appeals hear an untimely appeal in 2012, both occurred well after the expiration of his AEDPA period. Such requests, if granted, could have possibly restored the AEDPA limitation period. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). But all of petitioner's requests were denied and the mere filing of such motions does not renew it. *See Bethea*, 293 F.3d at 579 ("[T]he filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period."); *see also Jimenez*, 555 U.S. at 120 n.4.

Therefore, if 28 U.S.C. § 2244(d)(1)(B)-(D) do not apply, petitioner's habeas application appears to be untimely. The petition contains no facts suggesting they do, nor any facts suggesting, let alone justifying, either equitable tolling or an equitable exception based on actual innocence. As such, petitioner's habeas application appears to be untimely.

**II.     Motion for Appointment of Counsel**

Petitioner has requested that he be appointed counsel. A habeas corpus petitioner does not have a constitutional right to counsel. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). In determining whether to appoint counsel, courts first look at "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If

4

that requirement is met, courts consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues," or any other criteria that would lean in favor of appointing counsel. *Hodge*, 802 F.2d at 61-62. Having considered petitioner's claims and all of the *Hodge* factors, the Court finds that appointment of counsel is not warranted at this time because it appears the petition can be resolved on the written submissions. *See Lawson v. Taylor*, No. 10 Civ. 0477(JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011) (declining to appoint counsel to a habeas corpus petitioner "because the issues . . . do not appear to require extensive fact investigation and it seems Petitioner's case will likely be resolved on written submissions").

Therefore, petitioner's request for the appointment of counsel is DENIED. This decision is without prejudice to petitioner's ability to re-apply for appointed counsel should circumstances warrant at a later date, or reconsideration by the Court, if appropriate.

## CONCLUSION

Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED. His motion for appointment of counsel (Doc. No. 4) is DENIED.

Petitioner is further directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition. If petitioner believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have basis to ask the court to make an equitable exception to the statute of limitations, he shall present the supporting facts to the court in his affirmation and shall append documentary evidence, if available, supporting his assertions. Also, if petitioner has submitted any other post-conviction motion to a state court he should identify it, and state the date of such submission, the

5

relief sought, and the date of the decision and the outcome, if any.  Respondent shall reply to petitioner's affirmation within thirty (30) days of its filing.  All other proceedings shall be stayed until further Order of the Court.  If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

The Clerk of Court is respectfully directed to send copies of this Order to Show Cause 1) to petitioner by certified mail, and 2) together with a copy of the petition a) by first class mail to the Attorney General of the State of New York, 120 Broadway, New York, New York 10271 and b) the District Attorney of Kings County.

SO ORDERED.

Dated: Brooklyn, New York
       August 6, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge