UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRUCE JEFFERYS,

           Petitioner,

   - against -

THOMAS LAVALLEY,

           Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-3799 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Petitioner *pro se* Bruce Jefferys, proceeding *in forma pauperis*, brings this petition for a writ of habeas corpus. On August 6, 2012, the Court entered an Order to Show Cause, (the "August 6, 2012 Order"), noting that the facts suggested that the petition was untimely, and directing Jefferys to demonstrate why his petition should not be time-barred, and to provide the Court with supporting facts and any available documentary evidence. (Order to Show Cause (Doc. No. 5).) After reviewing the ensuing submissions, the Court has determined that the applicable statute of limitations renders Jefferys' claims untimely, and that Jefferys is not entitled to equitable tolling. The petition is therefore denied.

## BACKGROUND[1]

Jefferys pled guilty under a cooperation agreement ("Cooperation Agreement") on February 14, 2002 in New York State Supreme Court, Kings County ("Kings County Supreme

---

[1] In the absence of a full factual record, as here, the Court relies on the affidavit of Thomas M. Ross, an Assistant District Attorney in Kings County, "made upon information and belief, based on the records of the Kings County District Attorney's office," and "certif[ied] under penalty of perjury" to be "true and correct." (*See* Ross Aff. in Opp. (Doc. No. 8) at 1, 7); *see Tarafa v. Artus*, No. 10-CV-3870 (AJN) (HBP), 2013 WL 3778795, at *1–3 (S.D.N.Y. Mar. 11, 2013) (relying solely on the sworn affidavit of an Assistant District Attorney); *Bent v. McGinnis*, No. 03-CV-9816 (LAK), 2008 WL 2421626, at *1 n.1 (S.D.N.Y. June 12, 2008) ("No trial transcript has been provided. Accordingly, the facts set forth herein are based on the statements of facts and descriptions of trial proceeding . . . which are annexed . . . to the [sworn] affidavit of [the] Assistant District Attorney."); *Rose v.*

Court"), to one count of first-degree murder and one count of second-degree murder. Pursuant to the Cooperation Agreement, Jefferys testified against his co-defendants and waived his right to appeal. The second-degree murder count was then vacated and dismissed, and Jefferys was sentenced to a prison term of 23-years-to-life on April 17, 2002. His sentence was finalized on May 17, 2002, when he failed to timely file a direct appeal.

On November 9, 2010, Jefferys filed a motion to vacate the judgment under New York Criminal Procedure Law § 440.10 (the "440 motion") in Kings County Supreme Court, which was denied on April 25, 2011. Jefferys appealed the denial of his 440 motion to the New York State Supreme Court, Appellate Division ("Appellate Division"), and his appeal was denied on July 29, 2011. On August 29, 2011, Jefferys moved in the Appellate Division for permission to file a late notice of appeal on the grounds that counsel (a) failed to adequately explain his appeal options and (b) failed to file a notice of appeal of his conviction and sentence. The Appellate Division denied that motion on December 6, 2011, and the New York Court of Appeals later denied Jefferys' request for leave to appeal the ruling.

Jefferys filed this habeas petition on July 18, 2012, and in response to the August 6, 2012 Order, filed an affidavit in which he reiterated that his counsel failed to timely file a notice of appeal and argued that the applicable statute of limitations should therefore be equitably tolled. (Pet'r Resp. to Order to Show Cause ("Pet'r Resp.") (Doc. No. 7).) Respondent filed an affidavit opposing Jefferys' petition, (Resp't Aff. in Opp. (Doc. No. 8)), and Jefferys filed a reply brief, (Pet'r Reply Br. (Doc. No. 10)).

---

*Senkowski*, No. 99-CV-6053 (SJ), 2003 WL 21698240, at *5 (E.D.N.Y. July 8, 2003); *Sharlow v. Agosta*, No. 89-CV-1827 (RJD), 1990 WL 148423, at *1 n.1 (E.D.N.Y. Sept. 25, 1990).

# DISCUSSION[2]

In light of the August 6, 2012 Order, the parties dispute only whether Jefferys' petition is time-barred and, if so, whether the limitations period should be equitably tolled. The Court finds that the statute of limitations bars review by the Court and that the circumstances do not warrant equitable tolling.

A. <u>Timeliness</u>

1. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>

Before a federal court may review the merits of a habeas petition, "the court must determine whether the petitioner has complied with the procedural requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")," 28 U.S.C. § 2254. *Tuitt v. Martuscello*, No. 12-CV-1003 (CS) (PED), 2013 WL 5508385, at *10 (S.D.N.Y. Oct. 3, 2013). AEDPA imposes a one-year statute of limitations that runs from the latest of a number of triggering events, including:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] As Jefferys appears *pro se*, the Court will construe his submissions to raise the strongest arguments they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("[A] court is ordinarily obligated to afford special solicitude to *pro se* litigants" because such litigants "generally lack[] both legal training and experience."); *see also Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 332 (E.D.N.Y. 2012). Still, the Court's special solicitude does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).

28 U.S.C. § 2244(d)(1)(A)–(D); *see Rivas v. Fischer*, 687 F.3d 514, 533–34 (2d Cir. 2012). If neither provision (B), (C),[3] or (D) applies, Jefferys' petition needed to be filed, pursuant to provision (A), before May 17, 2003, one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

### a. Section 2244(d)(1)(B)

To justify tolling the limitations period under section 2244(d)(1)(B), a petitioner must show that "the state hindered his effort to timely file his writ of *habeas corpus*." *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13-CV-3989 (NSR) (PED), 2014 WL 2854631, at *6 (S.D.N.Y. June 20, 2014) (citing *Williams v. Ercole*, 486 F. App'x 208, 211 (2d Cir. 2012)). Accordingly it is Jefferys' burden to prove that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Rush v. Lempke*, No. 09-CV-3464 (JFB), 2011 WL 477807, at *9 (E.D.N.Y. Feb. 2, 2011) (citation and internal quotation marks omitted); *Williams*, 486 F. App'x at 211. Jefferys argues that 2244(d)(1)(B) applies because 1) his counsel failed to file a notice of appeal and 2) the trial court failed to correctly instruct him as to the consequences of his guilty plea. (*See* Pet'r Resp. at 3; Pet'r Reply Br. at 3–4.) But neither claim justifies tolling under this section.

His counsel's failure to file a notice of appeal cannot serve as the basis for tolling under this provision, as it contemplates an impediment created by the *State*, not by counsel. *See McPhee v. Griffin*, No. 13-CV-4660 (PKC), 2014 WL 5427667, at *2 (E.D.N.Y. Oct. 24, 2014) (dismissing claim under 2244(d)(1)(B) where petitioner relied solely on counsel's alleged failure to file notice of appeal); *Plasencia v. Barkley*, No. 05-CV-1722 (SLT)(LB), 2008 WL 4185879, at *2 n.7 (E.D.N.Y. Sept. 9, 2008) (finding that though petitioner contended "that his attorney

---

[3] Jefferys does not argue that subsection (C) applies to the instant case, and the Court therefore does not address whether it applies.

4

provided ineffective assistance by failing to advise him that his guilty plea would include waiving his right to appeal . . . this 'impediment' was not created by the state as subsection (B) requires"). And Jefferys does not demonstrate that the trial court unlawfully prevented him from filing his petition by failing to properly instruct him on his ability to appeal. According to Jefferys, the trial court stated first that Jefferys had "an absolute right to appeal from this plea and any other proceeding as it relates to this matter" but then stated that, "as part of this plea negotiation, [Jefferys was] giving up [his] right to appeal from this plea and from any other proceeding that is imposed . . ." (*See* Pet'r Resp. at 3.) These statements are uncited and are not included on any transcript Jefferys has provided. Notably, the only relevant portion of the transcript provided by Jefferys indicates otherwise:

> The Court: Mr. Jefferys, have you had the opportunity to discuss this with your attorney?
> The Defendant: Yes.
> The Court: Are you now willing to give up your right to appeal?
> The Defendant: Yes.
> The Court: Anybody force or coerce you to do so?
> The Defendant: No.
> The Court: Are you doing so voluntarily and of your own free will?
> The Defendant: Yes.

(Pet. for Writ of Habeas Corpus ("Pet.") (Doc. No. 1) at Ex. A.) As Jefferys has the burden of demonstrating a constitutional violation, any lack of evidence regarding such a violation accrues to his detriment. *See Whitted v. Martuscello*, at *4 (S.D.N.Y. Apr. 3, 2014) (noting that if the petitioner fails to offer evidence of an unconstitutional impediment to filing his petition, application of § 2244(d)(1)(B) is unwarranted); *Caldarola v. Capra*, No. 12-CV-6133 (ER), 2013 WL 5328197, at *16 (S.D.N.Y. Sept. 6, 2013) (same); *Toland v. Walsh*, No. 99:02-CV-399 (GLS/GHL), 2007 WL 1480918, at *2 (N.D.N.Y. May 18, 2007) (same); *Williams*, 486 F. App'x at 211 ("Since [petitioner] has the burden of demonstrating the constitutional violation, the lack of evidence accrues to [petitioner's] detriment, not the government's; without evidence that the

prison did not accommodate deadlines, [petitioner] could not have satisfied his burden of demonstrating an 'impediment' under Section 2244(d)(1)(B)."). Further, Jefferys does not explain how this alleged failure by the trial court to properly instruct him on the consequences of pleading guilty prevented him from filing his habeas petition. *See Breeden v. Lee*, No. 10-CV-0954 (RJD), 2010 WL 1930223, at *3 (E.D.N.Y. May 10, 2010) (finding the "application of 2244(d)(1)(B) unwarranted 'because [petitioner] has failed to demonstrate a causal relationship between the alleged circumstances and the lateness of his filing'" (quoting *Watson v. Smith*, 268 F. App'x. 86 (2d Cir. 2008))); *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (holding that to obtain relief under this provision, "the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition"). Neither the alleged failure by the trial court nor by his counsel constitutes state action that unlawfully prevented Jefferys from timely filing his habeas petition, and 2244(d)(1)(B) therefore does not apply.

b. Section 2244(d)(1)(D)

Subsection (D) provides that the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under this subsection, district courts must "analyze the factual bases of each claim and [ ] determine when the facts underlying the claim were known, or could with due diligence have been discovered." *Rivas*, 687 F.3d at 534.

Jefferys' submissions may be construed to assert that subsection (D) is the proper subsection to calculate the triggering date because Jefferys was unaware of counsel's alleged error. (*See* Pet'r Reply Br. at 3.) Jefferys alleges that he did not discover counsel's failure to file a notice of appeal until he filed for a plea withdrawal in the Kings County Supreme Court. (*See*

6

Pet'r Reply Br. at 3.) But Jefferys knew the factual basis for the filing of his plea withdrawal at the time of his plea,[4] and therefore had the means to discover his counsel's failure to file a notice of appeal through due diligence at that point. Thus under subsection (D), Jefferys would have until April 17, 2003 to file his petition – one year after he pled guilty. Because he failed to file his petition until July 18, 2012, the claims are not timely under subsection (D).[5]

B. Equitable Tolling

Jefferys next argues that, even if his petition is untimely under a strict application of AEDPA's statute of limitations, the limitations period should be equitably tolled because "extraordinary circumstances" prevented him from complying with the prescribed one-year filing period.

1. Applicable Standard

The "Supreme Court has confirmed that AEDPA's statute of limitations is not jurisdictional," *Rivas*, 687 F.3d at 537, and may be equitably tolled in "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 205 F.3d 13, 17 (2d Cir. 2000). *See also Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (establishing a "high bar to deem circumstances

---

[4] *See Lebron v. United States*, No. 06-CV-5049 (SWK), 2007 WL 1159646, at *2 (S.D.N.Y. Apr. 18, 2007) (finding that where petitioner argued "that his guilty plea was not given voluntarily and competently, and that his counsel was ineffective for failing to file a notice of appeal," the facts "would have been known to any reasonably diligent person, at the time he entered his plea").

[5] To the extent Jefferys seeks to raise a claim for ineffective assistance of counsel on the basis of counsel's failure to file a notice of appeal, the Court notes that his claim is unexhausted because he still has a state remedy available to him – filing a petition for a writ of error *coram nobis*. *See* 28 U.S.C. §§ 2254(b)(1)(A), 2254(c)(3); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State to opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (citation and internal quotation marks omitted)). Moreover, Jefferys does not ever allege that he "instructed counsel to file [the] appeal," and his claim for ineffective assistance would fail on this basis. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see McHale v. United States*, 175 F.3d 115, 119 (2d Cir. 1999) ("[I]n order to show that appellate counsel was constitutionally deficient in not filing an appeal, the petitioner must demonstrate that he asked to have an appeal filed."). Consequently, the Court concludes that outright dismissal is warranted. *See* 28 U.S.C. § 2254(b)(2); *see also Duncan v. Walker*, 533 U.S. 167, 191 (2001) ("[T]he prisoner who chooses to go into federal court with unexhausted claims runs the risk that the district court will simply deny those claims on the merits, as it is permitted to do.").

sufficiently 'extraordinary' to warrant equitable tolling"). Such "rare and exceptional circumstances" exist where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Doe v. Menefee*, 391 F.3d 146, 175 (2d Cir. 2004) (noting that this second prong requires that petitioner demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll"). "Whether a circumstance is extraordinary depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period.'" *Rivas*, 687 F.3d at 538 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). "Petitioner must also demonstrate a causal connection between the extraordinary circumstances and the lateness of his filing." *Hernandez v. Khahaifa*, No. 10-CV-6582 (KMK), 2013 WL 3984958, at *12 (S.D.N.Y. July 31, 2013) (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). "Such a showing cannot be made 'if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance.'" *Id.*

    2. <u>Analysis</u>

        a. <u>"Extraordinary Circumstances"</u>

Jefferys points to numerous facts to justify equitable tolling. However, he fails to demonstrate circumstances so extraordinary that he was prevented from filing his petition, or that he was reasonably diligent in filing in light of that extraordinary circumstance.

First, he argues that he has a sixth-grade comprehension level and that due "to his lack of education, knowledge, and understanding of the law, he did not know what recourse w[as] available and what the necessary legal steps were to proceed through the courts." (Pet'r Reply

8

Br. at 2.) Though the Court is certainly cognizant that a lack of education and understanding of the law may pose obstacles to a petitioner's attempt to comply with AEDPA's procedural requirements, such hindrances do not rise to the level of the extraordinary circumstances contemplated by the equitable tolling doctrine. *See Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) (explaining that equitable tolling does not apply "whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel"); *Artis v. Huliahn*, No. 09-CV-9893 (BSJ) (JCF), 2010 WL 4668926, at *4 n.3 (S.D.N.Y. Nov. 12, 2010) (finding that "petitioner's allegation that he has a low level of academic achievement is insufficient to merit equitable tolling"); *Lizaide v. Kirkpatrick*, No. 09-CV-5038 (CBA), 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) ("Ignorance of the law and lack of education are not sufficient grounds to warrant equitable tolling."); *United States v. Banks*, Nos. 06-CV-0786 (DC), 99-CR-1048 (DC), 2006 WL 2927235, at *5 (S.D.N.Y. Oct. 13, 2006) (finding that petitioner's contention that he was "uneducated concerning law" was "not 'extraordinary' in the sense required by the equitable tolling doctrine").

Second, Jefferys claims that he did not understand the terms of his agreement — specifically, his waiver of appeal — and that the trial court never instructed him about it. However, the record excerpt cited above suggests that he did, in fact, understand the terms of his agreement. As reflected there, the trial court gave Jefferys the opportunity to discuss the waiver with his attorney, and he did so, subsequently answering affirmatively when asked if he was "willing to give up [his] right to appeal" and was "doing so voluntarily and of [his] own free will." (Pet. at Ex. A.). Moreover, as stated above, Jefferys has not demonstrated any causal connection between the late filing of his petition and the trial court's instructions as to the consequences of his guilty plea.

9

Third, Jefferys submits that he was prevented from timely filing his petition because he was transferred from state custody to federal custody in October 2002, and was therefore unable to discover counsel's failure to file a notice of appeal until he was returned to state custody in December 2003. This, too, fails to rise to the level of an "extraordinary circumstance" warranting equitable tolling of AEDPA's limitations period. *See Patel v. D. Martuscello*, No. 10-CV-4804 (CBA), 2011 WL 703943, at *4 (E.D.N.Y. Feb. 16, 2011) (finding that neither petitioner's "transfers between prison facilities [nor] the attendant burden on his access to legal material" warrant equitable tolling); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, . . . restricted access to the law library[,] and an inability to secure court documents do not qualify as extraordinary circumstances.").

Lastly, he claims that his counsel's failure to timely file a notice of appeal prevented him from filing his petition. But Jefferys fails to demonstrate that counsel's conduct was "so outrageous or so incompetent" as to trigger the application of equitable tolling. *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003); *see also, e.g.*, *Patel*, 2011 WL 703943, at *4 (noting that "simple negligence" on the attorney's part is insufficient to warrant equitable tolling). Though counsel failed to timely file a notice of appeal, the limited record demonstrates that Jefferys waived his right to appeal as part of his guilty plea and does not indicate that Jefferys ever requested or instructed counsel to file such notice. *Compare Rosa v. United States*, 170 F. Supp. 2d 388, 408 (S.D.N.Y. 2001) (dismissing petitioner's ineffective assistance of counsel claim on the merits where petitioner had "never stated that he gave his attorney specific instructions to file a notice of appeal," and stated "only that the notice of appeal was not 'give[n]'" (alteration in original)) *with Baldayaque*, 338 F.3d at 152 (finding that an attorney's

10

failure to file a habeas petition, despite specific instructions from the petitioner to do so, constituted extraordinary circumstances justifying equitable tolling).

      b. "Reasonable Diligence"

Jefferys has also not demonstrated that he acted with reasonable diligence in pursuing his rights for the entire period he seeks to equitably toll from May 17, 2002 to November 9, 2010. *See Hernandez*, 2013 WL 3984958, at *12 (finding that "when the time period sought to be tolled is a lengthy one, as it is here, petitioner's burden" to demonstrate reasonable diligence "is particularly high"); *Cross v. McGinnis*, No. 05-CV-504 (PAC), 2006 WL 1788955, at *4 (S.D.N.Y. June 28, 2006) ("Given the seven-and-a-half years which [petitioner] seeks to toll, his burden to show that the circumstances were indeed extraordinary and that he acted with reasonable diligence throughout the this period is extremely high."); *Mateos v. West*, 357 F. Supp. 2d 572, 577 (E.D.N.Y. 2005) ("As the petitioner seeks to equitably toll 1318 days of the limitations period, the petitioner's burden to demonstrate he acted with reasonable diligence throughout this entire period is particularly high.").

Jefferys appears to have diligently pursued his claims after filing his 440 motion on November 9, 2010, but he offers little explanation as to why he was unable to file until that date.[6] As a result, Jefferys is not entitled to equitable tolling. *See Holmes v. Cunningham*, No. 13-CV-0550 (CBA), 2014 WL 3756381, at *2 (E.D.N.Y. July 30, 2014) (finding that petitioner failed to qualify for equitable tolling, where the basis for his claims, including "that his plea was defective," were known to him at the time of his conviction and he failed to note any factor that

---

[6] Jefferys notes that he was transferred from federal custody back to state custody in approximately December 2003, but fails to explain why he could not file any post-conviction motion or habeas petition during the extensive time that followed. And even if Jefferys was unaware of counsel's failure to file a notice of appeal until he filed for a plea withdrawal, as stated earlier, he could have filed for a plea withdrawal anytime after his return to state custody, which would have then revealed that no timely notice had been filed.

prevented him from bringing any of the claims in the time "since his initial guilty plea"); *see also Tuitt*, 2013 WL 5508385, at *2 ("[T]he issue is not whether his trial counsel was asked to file a notice of appeal and failed to do so; rather, the issue is what, if anything, prevented *Petitioner* from filing a timely *habeas* petition. Trial counsel's alleged derelictions do not relate to, let alone justify, Petitioner's failure to file his *habeas* petition within the allotted time."). The Court therefore finds that equitable tolling does not address Jefferys' failure to file his habeas petition until July 18, 2012.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. As Jefferys has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Soto v. United States*, 185 F.3d 48, 51 (2d Cir. 1999). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be undertaken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the accompanying Judgment to Jefferys, and note the mailing on the docket

SO ORDERED.

Dated: Brooklyn, New York
March 29, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge